UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA E. individually and as parent and natural guardian of E.E. as minor,

    Plaintiff,

vs.                            Case No. 2:10-cv-491-FtM-29DNF

LEE COUNTY SHERIFF'S OFFICE, an agency of the State of Florida, KAREN ROGERS, JAMES CREGHAN, CHRISTINE HALL,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants Mike Scott, as Sheriff of Lee County, Florida, Sgt. James Creghan, and Deputy Christine Hall's Motion to Dismiss and to Strike (Doc. #5) filed on August 11, 2010, and defendant Karen Rogers' Motion to Dismiss (Doc. #18) filed on October 1, 2010. Plaintiffs filed a Response to each motion. (Docs. #6, #19.)

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that

possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The Lee County Sheriff's Office correctly argues that it is not an entity capable of being sued. The Eleventh Circuit has noted that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." Dean v.

Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Plaintiffs "in the interests of economy" move for leave to amend and properly identify "Mike Scott as Sheriff of Lee County" as the proper defendant. (Doc. #6, ¶ 2.) The Court will dismiss the Complaint but allow plaintiffs to file an amended complaint.

Because the Complaint will be dismissed with leave to file an amended complaint, the Court will not address the other issues raised in the motions. As an amendment is due to be filed, some observations as to the federal claims which may be of assistance, are as follows: The amended complaint must clearly state whether defendant(s) are being sued in their individual or official capacity, or both. Claims under 42 U.S.C. § 1983 against persons in their official capacities must sufficiently plead a factual basis for liability under cases such as Monell v. Dep't of Soc. Servs., 463 U.S. 658 (1989). The amended complaint must set forth factual allegations providing a plausible basis for the claims. The Court notes that it is not immediately apparent that the current factual allegations are sufficient to establish an "arrest" in Count I, although it may be possible to state another basis for a Fourth Amendment violation, and there does not appear to be any constitutional violation alleged in Count II. Also of note, although punitive damages may be recoverable against an individual, they are not an available remedy as to the Sheriff's Office or the

Sheriff in his official capacity. <u>Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants Mike Scott, as Sheriff of Lee County, Florida, Sgt. James Creghan, and Deputy Christine Hall's Motion to Dismiss and to Strike (Doc. #5) is **GRANTED** as stated above. The Complaint (Doc. #3) is **dismissed** without prejudice.

2. Plaintiffs may file an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

3. Defendant Karen Rogers' Motion to Dismiss (Doc. #18) is **DENIED** as moot in light of the anticipated amended complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record